#3  Fee Paid   ISBE/KCC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AKANINYENE EFIONG AKAN ) Case: 17-CV-938

(Petitioner) )

)

- V - )

SUPERINTENDENT- SCI-FOREST, )

DISTRICT ATTORNEY-ALLEGHENY )

COUNTY )

(Respondents) )

**FILED**

JUL 1 7 2017

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

---

# PETITION FOR FEDERAL WRIT OF HABEAS CORPUS

# UNDER 28 U.S.C. §2254

---

**AKANINYENE EFIONG AKAN**
**#KP8782**
**STATE CORRECTIONAL INSTITUTION - FOREST**
**P.O.BOX 945,**
**MARIENVILLE, PA 16239-0945**
**(814) 621-2110**

1

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................... (3)

II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.. (4)

Summary of Underlying Criminal Allegations ........................................ (4)

(1) Summary of facts from the trial record ......................................... (4)

(2) Summary of facts from Petitioner's Direct Appeal ........................... (5)

(3) Summary of facts from Petitioner's first PCRA Petition ................... (6)

(4) Summary of facts from Petitioner's appeal from the dismissal of Petitioner's first PCRA Petition ................................................... (8)

(5) Summary of facts from Petitioner's second PCRA Petition ............... (11)

(6) Summary of facts from Petitioner's appeal from the dismissal of Petitioner's second PCRA Petition ................................................. (12)

(7) Facts confirming the timeliness of the instant Petition ..................... (13)

(8) History of Petitioner's legal representation ................................... (14)


III. GROUNDS FOR REQUESTING HABEAS RELIEF ............................... (15)

(1) Ground 1 for habeas relief (Ineffective assistance of counsel - "IAC" claim based on unlawful jury instructions) ................................... (15)

(2) Ground 2 for habeas relief ("IAC" claim based on a 4th Amendment violation) (18)

(3) Ground 3 for habeas relief (Sufficiency of evidence claim)............... (20)

(4) Ground 4 for habeas relief ("IAC" claim based on four-(4) distinct and substantial acts of prosecutorial misconduct) ....................................... (22)

(5) Ground 5 for habeas relief ("IAC" claim based on counsel's promise Petitioner would testify and subsequent hindering of Petitioner's testimony by offering false advice) ............................................................ (27)

(6) Ground 6 for habeas relief ("IAC" claim based on allowing Petitioner to receive illegal sentence) ..................................................... (31)

(7) Ground 7 for habeas relief (Judicial bias claim related to lower state court judge) ................................................................. (34)

(8) Ground 8 for habeas relief (Judicial error in allowing verdict without proof of elements beyond a reasonable doubt) ...................................... (36)

(9) Ground 9 for habeas relief (Newly discovered forensic evidence supporting Petitioner's claims of innocence) ................................................ (38)


IV. CONCLUSION ........................................................................ (40)

V. FOOTNOTES ........................................................................... (41)

VI. VERIFICATION ....................................................................... (44)

VII. CERTIFICATE OF SERVICE .................................................... (45)

## APPENDIX

A - Affidavit (by Petitioner) in support of his grounds for requesting habeas relief

# I. INTRODUCTION

AKANINYENE EFIONG AKAN, the Petitioner, being a State prisoner in custody of the Superintendent, in the State Correctional Institution in forest, Pennsylvania, presents to the district court of the United States for the Western District of Pennsylvania, his Petition for a writ of habeas corpus under 28 U.S.C. § 2254, upon grounds that establish that he is in custody in violation of the Constitution of the United States, especially that clause of the 14th Amendment which declares that no State shall deprive a person of life, liberty, and property without due process of law. Furthermore, grounds 1 through 8 for habeas relief submitted herein are such that the restrictions to the award of a writ of habeas corpus (pursuant to the Anti-Effective Death Penalty Act of 1996 (AEDPA)) do not prevent this Court from awarding Petitioner the requested writ. However, ground 9 for habeas relief is in litigation in the State courts as of the instant filing. Consequently, the instant Petition contains both exhausted and unexhausted grounds for habeas relief, and is a "mixed Petition". Accordingly, Petitioner submits the following Motions herewith the instant Petition for this Court's consideration:

**1. "Application for Stay and Abeyance on Petitioner's Petition for Federal Writ of Habeas Corpus";**

**2. "Motion for Equitable Tolling Pursuant to Petitioner's Ongoing State Appeal from the Dismissal of Petitioner's Second PCRA Petition";**

**3."Motion to Compel the Pennsylvania State Attorney General to Forward Petitioner's Relevant State Court Records".**

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In relevant summary, Petitioner was tried, convicted, sentenced and is currently incarcerated on the allegation that during the early morning hours of September 12, 2010:

1. Petitioner gained an unlawful entry into a private residence (in the Oakland area of the Western Pennsylvania city of Pittsburgh) wherein three-(3) adult female residents were present;

2. after gaining unlawful entry, Petitioner sexually assaulted one-(1) of the female residents in the home multiple times without alerting either of the two-(2) other adults in the home;

3. Petitioner thereafter departed the residence without being apprehended by police;

4. some time thereafter, the purported victim (hereinafter, Complainant) notified her housemates and reported the alleged incident to the police;

5. pursuant to an investigation, Petitioner was arrested on December 9, 2010, for the alleged criminal transaction from September 12, 2010;

6. Petitioner has been continuously incarcerated since his arrest on December 9, 2010.

Adopting in substantial part, the template for filing pro se petitions for writ of habeas corpus, Petitioner submits to this Court the following relevant facts pertaining to Petitioner's conviction, sentence, and incarceration.

### (1) Summary of facts from the trial court

(a) The name and location of the trial/sentencing court that entered the judgment of conviction Petitioner is challenging is: COURT OF COMMON PLEAS, ALLEGHENY

COUNTY, PENNSYLVANIA, U.S.A;

(b) The Criminal Docket or case number is: CP-02-CR-0001844-2011;

(c) The date of judgment of conviction is: APRIL 4, 2012 (trial was held from MARCH 27, 2012 to APRIL 4, 2012);

(d) The date of sentencing was: JUNE 26, 2012;

(e) The length of sentence imposed was: 32 to 80 years (i.e., thirty-two to eighty years);

(f) The number of counts/crimes charged was: twelve-(12);

(g) The counts on which Petitioner was charged and convicted were: 18 Pa.C.S. §§ 3502(c); 18 Pa.C.S. §§§ 3121(a)(1) (two-(2) counts); 18 Pa.C.S. §§§ 3123(a)(1) (four-(4) counts); 18 Pa.C.S. §§§ 3124.1; 18 Pa.C.S. §§§ 3126(a)(1); 18 Pa.C.S. §§§ 2706(a)(1); 18 Pa.C.S. §§§ 2902(a)(1); 18 Pa.C.S. §§§ 2701(a)(3);

(h) The counts on which Petitioner was sentenced was: four-(4) consecutive terms of 8 to 20 years (eight to twenty years) on 18 Pa.C.S. §§ 3502(c); 18 Pa.C.S. §§§ 3121(a)(1) (two-(2) counts); 18 Pa.C.S. §§§ 3123(a)(1), resulting in the aggregated sentence of 32 to 80 years;

(i) Petitioner pled "NOT GUILTY" to all charges;

(j) Petitioner was tried by JURY;

(k) Petitioner did not testify at either a pretrial hearing, trial, or post-trial hearing;

(l) Petitioner has perfected several state appeals from the judgment of conviction and sentence.

**(2) Summary of facts from Petitioner's Direct Appeal**

**(i) State Superior Court**

(a) Name of Court : Superior Court of Pennsylvania -Western District;

(b) Docket or Case Number: 1284 WDA 2012;

(c) Result of Appeal: Judgment of trial court was AFFIRMED;

(d) Date of Result: November 25, 2013;

(e) Grounds Raised:

1. Is the Defendant's Sentence excessive?

2. Were the Defendant's rights violated by the consideration of remorse at sentencing?

3. Was the evidence offered by the Commonwealth of various sexual acts sufficient to support defendant's conviction on each count?

4. Was the conviction against the weight of evidence?

### (ii) State Supreme Court

(a) Name of Court: Supreme Court of Pennsylvania - Western District;

(b) Docket or Case number: 612 WAL 2013;

(c) Result of Appeal: Petition for Allowance of Appeal was DENIED;

(d) Date of Result: May 30, 2014;

(e) Grounds Raised:

1. The Superior Court made an erroneous conclusion of law by concluding that considering remorse at sentencing does not violate a defendant's constitutional rights;

2. The Superior Court erred by concluding that Mr. Akan's sentence was not unreasonable;

3. The Superior Court erred by determining that the evidence offered was sufficient to support all charges of which Mr. Akan was convicted.

### (iii) U.S. Supreme Court

(a) Petitioner did not Petition for Certiorari to the United States Supreme Court.

**(3) Summary of facts from Petitioner's first PCRA Petition/ post-conviction appeal**

(a) Name of PCRA Court: COURT OF COMMON PLEAS, ALLEGHENY COUNTY, PENNSYLVANIA, U.S.A;

(b) Docket or Case Number: CP-02-CR-0001844-2011;

(c) Date of Filing of first PCRA Petition: October 17, 2014;

(d) Nature of Proceeding: Petition for Post-Conviction Collateral Relief filed Pursuant to 42 Pa.C.S. §9541 et seq.;

(e) Grounds Raised:

Petitioner was denied effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendment of the U.S. Constitution, **where trial counsel**:

1. failed to seek suppression of the biological/DNA sample seized from Petitioner without a warrant from September 17, 2010 to October 4, 2010;

2. failed to challenge Petitioner's unlawful arrest;

3. failed to file a motion to quash the defective criminal information (Information Bill) filed by the Commonwealth;

4. failed to request Petitioner's pretrial release on nominal bail pursuant to the Commonwealth's violation of Pa.R.Crim.P. 600;

5. failed to raise a timely objection to the trial court's errant instructions that barred the jury from taking notes in blatant violation of Pa.R.Crim.P. 644;

6. failed to request a mistrial due to multiple instances of prosecutorial misconduct during opening and closing statements, and during the testimony of the Complainant;

7. Advised Petitioner not to testify in his own defense;

8. failed to introduce available evidence that strongly impeached the credibility of the

Commonwealth's purported DNA evidence;

9. failed to vet the Commonwealth's purported fingerprint evidence prior to the start of trial;

10. failed to request jury instructions that were warranted by the evidence;

11. failed to raise a timely objection to a jury charge that inadequately stated the elements of the crimes of Burglary and Terroristic threats;

12. Was ineffective due to the accumulation of prejudice against Petitioner from the noted instances of counsel's deficient representation;

15. failed to solicit testimony of an expert regarding unreliable eyewitness identification;

and where **Sentencing Hearing/Appellate Counsel:**

13. failed to ensure that the Sentencing Court fashioned Petitioner's sentence based on accurate facts;

14. failed to forward Petitioner's claim that the trial court committed reversible error by instructing the jury to disregard the Complainant's STD diagnosis;

(f) Result of first PCRA Petition: NO HEARINGS were granted prior to DISMISSAL and NO OPINION was issued upon DISMISSAL;

(g) Date of Result: Petitioner's first PCRA Petition was DISMISSED on MARCH 4, 2015.


**(4) Summary of facts from Petitioner's Appeal from the dismissal of Petitioner's first PCRA Petition**

### (i) State Superior Court

(a) Name of Court: SUPERIOR COURT OF PENNSYLVANIA - WESTERN DISTRICT;

(b) Docket or Case Number: 523 WDA 2015;

(c) Result of Appeal: Dismissal Order of PCRA Court was AFFIRMED;

(d) Date of Result: February 1, 2016;

(e) Grounds Raised:

1. Whether PCRA Counsel was ineffective for failing to argue trial counsel's ineffectiveness since trial counsel was ineffective for failing to request mistrial due to the prosecutor's fabricated (made up) narrative of the allegations to the Court and the jury during his opening statements and closing arguments;

2. Whether PCRA Counsel was ineffective for failing to argue trial counsel's ineffectiveness since trial counsel was ineffective for failing to raise a timely objection to the trial court's violation of Pa.R.Crim.P. 644;

3. Whether PCRA Counsel was ineffective for failing to argue trial counsel's ineffectiveness since trial counsel was ineffective for failing to seek suppression of Appellant's biological/DNA sample that was seized in violation of the Fourth Amendment to the United States Constitution;

4. Whether PCRA Court erred by permitting the appointed PCRA Counsel to withdraw based on a Turner/Finley "NO MERIT" letter that failed to address all the actual claims raised in the pro se filed PCRA Petition.

### (ii) State Supreme Court

(a) Name of Court: SUPREME COURT OF PENNSYLVANIA - WESTERN DISTRICT;

(b) Docket or Case Number: 95 WAL 2016 (Petitioner's appeal was initially docketed at 95 WAL 2016 but was subsequently subjected to an administrative closure since Petitioner was granted his due process right to submit an "Application for Reargument" in the Pennsylvania Superior Court); Following the denial of Petitioner's "Application for Reargument" in the Pennsylvania Superior Court, Petitioner filed a timely notice of appeal to the Pennsylvania

Supreme Court at which time, Petitioner's appeal of the dismissal of his first PCRA Petition was docketed under 193 WAL 2016;

(c) Result of Appeal: Petitioner's "PETITION FOR ALLOWANCE OF APPEAL" was DENIED;

(d) Date of Result: September 13, 2016;

(e) Grounds Raised:

1. The Pennsylvania Superior Court made [discernible] errors of law and fact in affirming the PCRA Court's dismissal of Appellant's PCRA Petition despite Appellant's properly preserved and layered claim of his trial counsel's ineffectiveness for failing to request mistrial due to the prosecutor's blatant fraud that is manifest on the trial record and has been presented to the courts;

2. The Pennsylvania Superior Court made [discernible] errors of law and fact in affirming the PCRA Court's dismissal of Appellant's PCRA Petition despite Appellant's properly preserved and layered claim of his trial counsel's ineffectiveness for failing to prevent the trial court from undermining Appellant's trial by rendering plainly errant opening instructions to the jury;

3. The Pennsylvania Superior Court made [discernible] errors of law and fact in affirming the PCRA Court's dismissal of Appellant's PCRA Petition despite Appellant's properly preserved and layered claim of his trial counsel's ineffectiveness for failing to seek suppression of Appellant's biological/DNA sample that was illegally seized and ultimately presented to the jury at Appellant's trial.

**(5) Summary of facts from Petitioner's second PCRA Petition**

(a) Name of PCRA Court: COURT OF COMMON PLEAS, ALLEGHENY COUNTY, PENNSYLVANIA, U.S.A;

(b) Docket or Case Number: CP-02-CR-0001844-2011;

(c) Date of Filing: October 19, 2016;

(d) Nature of Proceeding: Petition for Post-Conviction Relief filed pursuant to 42 Pa.C.S. §§§§ 9545(b)(1)(ii) and 42 Pa.C.S. §§§§ 9543(a)(2)(vi) (i.e., Petition for a new trial based on: 1. the newly discovered evidence exception to the timeliness requirement of the State Post Conviction Relief Act (PCRA); 2. the after discovered evidence standards defining when evidence obtained after a conviction warrants the award of a new trial);

(e) Grounds Raised:

Petitioner petitioned the PCRA Court for a new trial based on advances in forensic science that undermined the probative value of the type of forensic evidence used to incriminate Petitioner and which was introduced against Petitioner during his trial. In particular Petitioner submitted the following pieces of evidence to the State Court:

1. the research results published in the Journal of Forensic Sciences (January 2016, Vol. 61, No. 1) that confirmed that "Secondary DNA transfer" can falsely place someone at a crime scene;

2. a publication in the June 2016 edition of Scientific American entitled: "When DNA Implicates the Innocent";

3. an article reporting on the research of forensic experts named: Mr. Greg Hampikian, and Mr. David Balding, confirming (in summary) that purportedly mixed-DNA-profile-samples (i.e., DNA evidence allegedly obtained from multiple persons but purportedly obtained from

the one and the same location - as was the evidence against Petitioner) produces results that are neither consistent nor replicable as compared to single-DNA-profile samples;

(f) Result of Second PCRA Petition: NO HEARINGS were granted prior to DISMISSAL and NO OPINION was issued upon DISMISSAL;

(g) Date of Result: Petitioner's PCRA Petition was DISMISSED on JUNE 8, 2017.

**(6) Summary of facts from Petitioner's Appeal from the dismissal of Petitioner's second PCRA Petition**

### (i) State Superior Court

(a) Name of Court: SUPERIOR COURT OF PENNSYLVANIA - WESTERN DISTRICT;

(b) Docket or Case Number: 928 WDA 2017

(c) Result of Appeal: Pending as of the filing of the instant Petition;

(d) Date of Result: Pending as the filing of this instant Petition;

(e) Grounds Raised:

1. Whether Appellant's duly filed second PCRA Petition presented newly discovered forensic evidence pursuant to 42 Pa.C.S. §§§§ 9545(b)(1)(ii) and 42 Pa.C.S. §§§§ 9543(a)(2) (vi);

2. Whether the PCRA Court dismissed Appellant's duly filed second PCRA Petition without a hearing or an Opinion in retaliation for Appellant's "Motion for Admission to Illegality of Sentence Administered on June 26, 2012" that was filed and has been pending since January 4, 2017;

3. Whether the PCRA Court dismissed Appellant's duly filed second PCRA Petition without a hearing or an Opinion in retaliation for Appellant's "Motion for Recusal of Hon. Donna Jo

McDaniel Due to Demonstrated Bias Against the Defendant/Petitioner" that was filed and has been pending since March 30, 2017;

4. Whether the PCRA Court's dismissal of Appellant's duly filed second PCRA Petition without a hearing or an Opinion violates Appellant's rights to "due process of law" and "equal protection of the laws" as guaranteed under the Constitution of the United States and the Pennsylvania Constitution;

5. Whether the PCRA Court's dismissal of Appellant's duly filed PCRA Petition without a hearing or an Opinion is substantial evidence of the PCRA Court's vindictiveness towards Appellant.


**(7) Facts Confirming the timeliness of the instant Petition**

(a) Date of Final Judgment on Direct Appeal: MAY 30, 2014 (i.e., date of Order by the Pennsylvania Supreme Court during Petitioner's Direct Appeal);

(b) Date of Finalization of State Direct Appeal pursuant to the one-(1) year State Post-conviction/AEDPA Federal Habeas time-limit: AUGUST 28, 2014 (i.e., ninety-(90) days after May 30, 2014);

(c) Date of Filing Petitioner's first PCRA: OCTOBER 17, 2014;

(d) Time elapsed (pursuant to one-(1) year AEDPA limit) prior to filing first PCRA Petition: Fifty-(50) days from AUGUST 28, 2014 to OCTOBER 17, 2014;

(e) Date of conclusion of Petitioner's first PCRA: SEPTEMBER 13, 2016

(f) Equitable Tolling (pursuant to one-(1) year AEDPA limit): Period from OCTOBER 17, 2014 to SEPTEMBER 13, 2016;

(g) Date of filing second PCRA Petition: OCTOBER 19, 2016;

(h) Time elapsed (pursuant to one-(1) year AEDPA limit) prior to filing second PCRA Petition: thirty-five-(35) days from SEPTEMBER 13, 2016 to OCTOBER 19, 2016;

(i) Date of conclusion of Petitioner's second PCRA Petition/Appeal: Petitioner's second PCRA Petition/Appeal is ongoing as of the filing of the instant Petition;

(j) Equitable Tolling (pursuant to one-(1) year AEDPA limit): equitable tolling is appropriate from the period from OCTOBER 19, 2016 to present (and continuing till resolution of ongoing State appeals on the Petitioner's duly filed second PCRA Petition);

(k) Pursuant to this Court's determination that Petitioner's second PCRA Petition was duly filed, Petitioner humbly submits that he is entitled to a leave of two-hundred-and-eighty-(280) days to amend or supplement the instant Petition for writ of habeas corpus;

(l) Pursuant to any allegation (that may arise) representing that Petitioner's second PCRA Petition was not duly filed, the deadline for Petitioner to file the instant Petition for writ of habeas corpus is JULY 25, 2017 (i.e., three-hundred-and-fifteen-(315) days from the SEPTEMBER 13, 2016 dismissal of Petitioner's duly filed first PCRA Petition by the Pennsylvania State Supreme Court);

(m) The facts represented in (a) to (m) above thus confirm that the instant Petition is timely.


**(8) History of Petitioner's legal representation**

(a) Preliminary Hearing Counsel: Gary Gerson, Esq.;

(b) Pretrial and Trial Counsel: Gary Gerson, Esq.;

(c) Sentencing Hearing and Direct Appeal Counsel: Lea T. Bickerton, Esq.;

(d) First PCRA Petition/Appeal: Petitioner filed and appealed his first PCRA pro se;

(e) Second PCRA Petition/Appeal: Petitioner filed and is appealing his second PCRA pro se;

## III. GROUNDS FOR REQUESTING HABEAS RELIEF

Petitioner hereby respectfully submits nine (9) grounds for habeas corpus relief. All the grounds for habeas relief are thus far exhauted with the exception of Petitioner's "Ground 9 for habeas Relief" which is currently being litigated in the State Courts.

**(1) Ground 1 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's trial counsel was ineffective (pursuant to Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984)) for failing to request mistrial after the trial court rendered unlawful instructions to the jury at Petitioner's trial.**

**Summary of supporting facts and arguments**

The trial court blatantly violated the relevant state laws pertaining to notetaking during jury trials (i.e., 42 Pa.C.S. § 9301; Pa.R.Crim.P. 644; **Commonwealth v. Johnson**, 42 A.3d 1017 (2012)) by instructing the jury as follows:

"You are not permitted to take notes during the trial. Therefore when you deliberate on the verdict you will have to rely solely on your own memories as to what was said in this Courtroom. You are now charged with the duty of correctly remembering the testimony... ...You are the sole judges of the facts." (NT1 11 lines 24 - NT1 12 lines 10)[1].

15

"... These instructions apply throughout the entire trial... ...please remember that they will apply throughout the entire trial." (NT1 16 lines 7-11).

The trial court's instructions were a "plain error" because the jurors were supposed to be instructed on how to take notes; provided with note-taking equipment; instructed that they could use their notes during their deliberations.

Considering: 1. the number of charges on which Petitioner was tried; 2. the "wholly irreconcilable narratives"[3] of "material-details"[2] on the trial record; 3. the prosecutor's manifest misconduct (also the subject of "ground 4 for habeas relief"); 4. Petitioner's and the jurors' substantive and procedural due process rights, the plainly errant instructions to the jury was of constitutional dimensions, had a substantial and injurious effect on the jury, and denied Petitioner a fair trial.

Thus Petitioner's contention is that his trial counsel's failure to request a mistrial pursuant to the trial court's unlawful instructions is performance that falls below an objective standard of reasonableness, but for which Petitioner would not have been subjected to an unlawful trial, and a consequently unlawful verdict, and incarceration.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h), do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 1 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant claim amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication

can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings".

Furthermore, Petitioner submits that the state court's adjudication of ground 1 for habeas relief can-be/will-be shown to have involved blatant violations of Petitioner's substantive and procedural due process rights since the Pennsylvania State Superior Court affirmed the lower court's dismissal of Petitioner's first PCRA Petition after finding that the lower court (i.e., State trial/PCRA Court) **erred in barring the jury from taking notes** (as alleged by Petitioner).

The Relief sought pursuant to ground 1 for habeas relief is: 1. the award of an evidentiary hearing if this Court deems such hearing is necessary; 2. vacation of Petitioner's judgment of conviction and sentence; 3. award of a new trial.

**(2) Ground 2 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's trial counsel was ineffective (pursuant to Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984)) for failing to seek suppression of Petitioner's biological/DNA sample that was unlawfully seized by agents of the State of Pennsylvania on September 17, 2010, and subsequently used in the arrest, prosecution and conviction of Petitioner.**

**Summary of supporting facts and arguments**

In the early morning hours of September 17, 2010, Petitioner was subjected to a demonstrably unlawful detention of his person by numerous police officers (the officers were from both the University of Pittsburgh Police Department, and the City of Pittsburgh Police Department) in the Oakland area of the City of Pittsburgh. Petitioner's biological/DNA sample was seized as the direct result of of the unlawful detention.

Thus, petitioner contends that his trial counsel's failure to seek suppression of the unlawfully seized biological/DNA sample (and thus prevent the unconstitutionally obtained evidence from being used at Petitioner's trial) is performance that falls below an objective standard of reasonableness but for which Petitioner would not have been subjected to an unlawful trial, verdict, and state incarceration.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h), do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 2 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant "Ground 2 for habeas relief" amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings".  Furthermore, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have involved blatant violations of Petitioner's substantive and procedural due process rights.

The relief sought pursuant to ground 2 for habeas relief is: 1. the award of an evidentiary hearing for this Court to assess whether the totality of the circumstances from September 17, 2010, confirms the unlawfulness of the seizure of Petitioner's biological/DNA sample; 2. vacation of Petitioner's judgment of conviction and sentence; 3. award of a new trial.

**(3) Ground 3 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's conviction is based on evidence that is insufficient (pursuant to Jackson v. Virginia, 493 U.S. 307, 319 (1979)) to prove the elements of the criminal charges beyond a reasonable doubt.**

**Summary of supporting facts and arguments**

Petitioner was convicted of all twelve-(12) charged counts including two-(2) counts of rape and the four-(4) counts of IDSI (i.e., 18 Pa.C.S. §§§ 3121(a)(1) (two-(2) counts) and 18 Pa.C.S. §§§ 3123(a)(1) (four-(4) counts) respectively) although the sole-Complainant testified to wholly irreconcilable narratives[3] of "material-details"[2] to describe the one-and-the-same alleged crime without testifying as to which of her narratives was a truthful or accurate depiction of the alleged criminal transaction. Thus it was/is impossible for any rational trier of fact to have found the essential elements of the charged crimes beyond a reasonable doubt. Accordingly, Petitioner's convition is based on insufficient evidence, the jury's verdict was objectively unreasonable, and Petitioner's consequent and ongoing incarceration is unlawful.

The relevant portions of the trial record are NT1 136-161 (especially NT1 145-146); NT2 205-211; NT1 63-75; NT1 132-133; NT1 133-134[1], which detail the wholly irreconcilable narratives of "material-details"[2] offered by the sole Complainant to describe the one-and-the-same alleged criminal transaction.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h), do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 3 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant "Ground 3 for habeas relief" amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings".

The relief sought pursuant to "ground 3 for habeas relief" is: 1. the award of an evidentiary hearing if this Court deems such a hearing is necessary to adjudicate the instant claim; 2. vacation of Petitioner's judgment of conviction and sentence; 3. dismissal of all charges; 4. discharge from custody.

**(4) Ground 4 for habeas relief**

Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's trial counsel was ineffective (pursuant to Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984)) for failing to request a mistrial pursuant to prosecutorial misconduct, since the prosecutor:

1. represented a narrative of "material-details"[2] during his opening statements that was fabricated;

2. made a demonstrably and manifestly false representation (to the jury) that Petitioner had spent seven (7) years in prison prior to the alleged crime;

3. solicited a novel narrative of "material-details"[2] from the complainant and thereby introduced criminal allegations for which Petitioner received no prior notice and for which Petitioner has not been charged;

4. represented a novel narrative of "material-details"[2] (during his closing) that lacked any evidentiary basis, in order to buttress his false averment that the Complainant's testimony was consistent.

**Summary of supporting facts and arguments**

The first purported act of prosecutorial misconduct is manifest in the prosecutor's opening statements at NT1 22-24. An objective jurist may review the prosecutor's opening statement narrative of "material-details"[2] at NT1 22-24 and confirm that the detailed descriptions of criminal acts (offered thereby) are fabricated by: 1. contrasting the "material-details"[2]

introduced during the prosecutor's opening statements at NT1 22-24 with the narrative of "material-details"[2] in the Criminal-Information/Affidavit of Probable Cause; 2. contrasting the prosecutor's opening statements at NT1 22-24 with the wholly-irreconcilable-narratives[3] of "material-details"[2] offered by the sole Complainant at NT1 136-161 (especially, NT1 145-146); NT2 205-211; NT1 63-75; NT1 132-133; NT1 133-134. Such comparisons will clearly and convincingly reveal that the prosecutor's opening statements at NT1 22-24 lack any evidentiary basis and were thus fraudulent, deceitful, dishonest, or a misrepresentation of the alleged facts and purported basis for which Petitioner was being tried.

The second purported act of prosecutorial misconduct is also manifest on the trial record. An objective jurist may review the prosecutor's remarks at NT1 23 lines 5-11 and confirm that the prosecutor's remarks (offered thereby) are fabricated by: 1. reviewing Petitioner's Affidavit attached herewith (stating Petitioner had no criminal accusations, detentions, or arrests of anykind prior to the alleged crime); 2. reviewing the prosecutor's fabricated opening narrative of "material-details"[2] at NT1 22-24, to confirm that the prosecutor told the jury that Petitioner had spent "seven" years in prison (see: NT1 23 lines 5-11); 3. reviewing the Complainant's narratives at NT1 136-161 (especially, NT1 145-146); NT2 205-211; NT1 63-75; NT1 132-133; NT1 133-134 to confirm that the Complainant never testified that her assailant told her that he had spent "seven" years in prison despite having offered several wholly-irreconcilable-narratives of "material-details"[2] to describe the alleged crime for which Petitioner was being tried. An objective jurist will therefore find clear and convincing evidence that the prosecutor engaged in misconduct by: 1. injected themes (other than Petitioner's culpability for the charged offenses into Petitioner's trial) such as whether

Petitioner had demonstrated prior violent criminal conduct; 2. creating bias in the minds of the jurors based on a criminal prison record that was fabricated and that the prosecutor necessarily knew was false; 3. employed deceit to defame Petitioner's character and general appearance to the jurors prior to introduction of any evidence of the allegations at the Petitioner's trial.

The third purported act of prosecutorial misconduct is also manifest on the trial record. During the direct-examination of the Complainant, the prosecutor solicited a novel narrative of the allegations and thereby introduced proof of criminal acts for which Petitioner received no prior notice, and for which Petitioner had not been charged. An objective jurist may confirm this to be the case by: 1. contrasting the "material-details"[2] at NT1 63-75 with all other prior narratives of "material-details"[2] by the sole-Complainant at NT1 136-161 (especially, NT1 145-146); NT2 205-211; NT1 63-75; NT1 132-133; NT1 133-134; 2. contrasting the "material-details"[2] at NT1 63-75 with the prosecutor's own opening-statement-narrative of what the Complainant (i.e., victim-witness) would testify to at NT1 22-24; 3. recognizing that: the Criminal-Information (i.e., purported basis for the charges/trial) described five-(5) allegedly criminal acts; the Complainant wrote a statement describing seven-(7) allegedly criminal acts; 4. the Complainant offered a sworn testimony at the preliminary hearing describing a total of six-(6) allegedly criminal acts, but during direct-examination the Complainant recounted eight-(8) criminal acts to describe the alleged crime.

The fourth purported act of prosecutorial misconduct is also manifest on the trial record. During the closing arguments the prosecutor fabricated yet another novel narrative of

"material-details"[2] at NT2 276. An objective jurist may confirm that the prosecutor's closing arguments presented a fabricated narrative of allegedly criminal conduct by contrasting the prosecutor's narrative of "material-details"[2] at NT2276 lines 12-21, with all other narratives of "material-details"2 on the trial record (i.e., contrasting with the narratives at NT2 22-24; NT1 136-161 (especially, NT1 145-146); NT2 205-211; NT1 63-75; NT1 132-133; NT1 133-134).

Petitioner submits that the extent of prosecutorial misconduct as summarized above demonstrates that Petitioner was denied a fair and/or lawful trial, and trial counsel's failure to request a mistrial pursuant to the manifest prosecutorial misconduct was ineffective assistance, absent which Petitioner would not have been subjected to an unlawful trial, verdict, and consequent incarceration.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h)  do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 4 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant "Ground 4 for habeas relief" amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings". Furthermore, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have involved blatant violations of Petitioner's substantive and procedural due process rights. Additionally, any allegation of

procedural default that may be alleged based on violations of State laws during state appeals can-be/will-be demonstrated to be flawed pursuant to the United States Supreme Court holdings in **Haines v. Kerner**, 404 U.S. 519, 520 (1972) and **Martinez v. Ryan** __ U.S. __ (    ), 132 S.Ct. 1309, 1318-19 (2012).

The relief sought pursuant to ground 4 for habeas relief is: 1. the award of an evidentiary hearing if this Court determines that such is necessary to adjudicate the instant claim; 2. vacation of Petitioner's judgment of conviction and sentence; 3. dismissal of all charges; 4. discharge from custody.

**(5) Ground 5 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's trial counsel was ineffective (pursuant to Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984)) for promising the jury that Petitioner would testify in his own defense during his opening statements and then hindering Petitioner's testimony by making false representations to Petitioner as his basis for advising Petitioner not to testify.**

**Summary of supporting facts and arguments**

During opening statements, Petitioner's trial counsel informed the jury that Petitioner's testimony would be the centerpiece of Petitioner's defense by stating the following:

"Now as the judge has indicated to you, Mr. Akan does not have to testify. He is clothed in the presumption of innocense. But you know what? He is going to testify. And he's going to testify credibly. He's going to tell you exactly what happened on the night of September 10. He is going to tell you that he had nothing to do with the assault of [Complainant]. He is going to testify credibly and I am confident that when you hear all the evidence in this case, that there is one conclusion you can all reach, and that is that this man is innocent, he is not a monster. And you'll announce to the world that he's not, to his family and friends and everyone else, that he's a good and decent individual, a human being, and that ladies and gentlemen, is all that I will ask of you. Thank you." (NT1 47 lines 8-24).

That notwithstanding, on the day before Petitioner was to take the stand and testify, trial counsel visited Petitioner in the Allegheny County jail and informed him not to testify and advised Petitioner that there would be no need to prep Petitioner to testify based on:

1. his experience led him (i.e., trial counsel) to feel the evidence was already sufficient to warrant an acquittal;

2. he had a strategy to introduce Petitioner's alibi without Petitioner testifying (and thereby opening the door for cross-examination);

3. he (i.e., trial counsel) had a plan (which he did not specify to Petitioner) on how to rebutt the numerous unproven defamatory allegations against Petitioner; some of the defamatory and prejudicial allegations (besides the narratives of the alleged criminal conduct) that were admitted during Petitioner's trial included:

(i) a suggestion (by witness Kiersten Kohler, i.e., one of the the Complainant's housemate) that Petitioner drugged her two nights prior to the alleged criminal transaction from September 12, 2010, although Petitioner had not drugged her or been inappropriate with her in anyway;

(ii) a suggestion (by witness Greg Boss) that Petitioner was "suspicious" (with no supporting explanations) when he encountered police on September 17, 2010, although Petitioner had not acted in any manner that warranted suspicion by the numerous police officers that detained and harrassed him on September 17, 2010;

(iii) a representation that Petitioner had spent time in prison (and had thus been convicted of other crimes) prior to the alleged criminal transaction for which Petitioner was being tried, although Petitioner had no prior criminal accusations, detention, or arrest of anykind prior to the alleged crime.

(See Petitioner's Affidavit submitted herewith).

On the day Petitioner was supposed to testify, Petitioner waived his right to testify in accordance with the advice of his trial counsel (see: NT2 234-235).

Subsequently, trial counsel took no actions to fulfill the expectations he set in Petitioner's mind. In particular, trial counsel introduced no additional witnesses and presented closing arguments that:

(i) wholly ignored the fact that counsel had failed to fulfill his promise that Petitioner would testify;

(ii) failed to represent or even suggest Petitioner had an alibi;

(iii) failed to refute any of the highly defamatory allegations (i.e., the prejudicial claims other than the alleged criminal charges) that were introduced during Petitioner's trial (summarized above);

Petitioner submits that the conduct of his trial counsel (described above) amounts to a sabotage of his planned defense, and, Petitioner's waiver of his right to testify was neither knowing, intelligent or voluntary because it was based on false information and advice from Petitioner's trial counsel.

Petitioner contends that trial counsel's false advice to convince Petitioner not to testify in his own defense after promising the jury that Petitioner would testify as the centerpiece of his defense was deficient representation absent which the outcome of Petitioner's trial would

have been different.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h) do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 5 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant "Ground 5 for habeas relief" amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings". Furthermore, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have involved blatant violations of Petitioner's substantive and procedural due process rights. Additionally, any allegation of procedural default that may be alleged based on violations of State laws during Petitioner's state appeal of the dismissal of his pro se filed PCRA Petition can-be/will-be demonstrated to be flawed pursuant to the United States Supreme Court holdings in **Haines v. Kerner**, 404 U.S. 519, 520 (1972) and **Martinez v. Ryan** __ U.S. __ ( ), 132 S.Ct. 1309, 1318-19 (2012).

The relief sought pursuant to "ground 5 for habeas relief" is: 1. the award of an evidentiary hearing if this Court deems such a hearing is necessary to adjudicate the instant claim; 2. vacation of Petitioner's judgment of conviction and sentence; 3. award of a new trial.

**(6) Ground 6 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner's Sentencing-Hearing counsel was ineffective for failing to seek correction of Petitioner's sentence and since Petitioner's current sentence violates both the "double jeopardy" clause of the Fifth Amendment, and State laws governing the imposition of sentences in Pennsylvania.**

**Summary of supporting facts and arguments**

Petitioner was arrested by U.S. Marshals at his place of work (i.e., the San Onofre Nuclear Generating Station - SONGS) in Southern California on December 9, 2010 (pursuant to an arrest warrant from Allegheny County Pennsylvania - related to the allegations from September 12, 2010), and has remained in custody at all times since his arrest. Although Petitioner was arrested in California on December 9, 2010, Petitioner explicitly waived his rights to extradition protection on January 14, 2011, but Petitioner was not returned to Pennsylvania to face the allegations until the afternoon of February 4, 2011.

All relevant state laws pertaining to the imposition of sentences in the State of Pennsylvania mandate that a defendant be credited for all time spent in pretrial incarceration on the case for which they are convicted (i.e., 42 Pa.C.S. §§ 9737; 9760, and Pa.R.Crim.P. 705).

The Commonwealth's Criminal Information incorrectly represented that Petitioner's arrest

date was February 5, 2011, instead of December 9, 2010.

Upon Petitioner's conviction, the Sentencing Court imposed a sentence of 32 to 80 years in prison with credit from February 5, 2011, thus, resulting in violation of state laws governing the imposition of sentences, and resulting in a sentence that violates "double jeopardy" (as currently fashioned) because Petitioner served a term of incarceration from December 9, 2010 to February 4, 2010 on the one-and-the-same alleged criminal transaction from September 12, 2010 and is now serving a second term of incarceration from February 5, 2011 to February 5, 2091 on the one-and-the-same alleged criminal transaction from September 12, 2010.

Petitioner contends that his Sentencing-Hearing counsel's failure to seek correction of Petitioner's manifestly illegal sentence is deficient representation absent which Petitioner would not be currently serving an illegal sentence.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h)  do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 6 for habeas relief". In particular, in the event that this Court finds that the State's adjudication of the instant "Ground 6 for habeas relief" amounts to an adjudication on the merits, Petitioner submits that the state courts' adjudication can-be/will-be demonstrated to have: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings". Furthermore, Petitioner submits that the

state courts' adjudication can-be/will-be demonstrated to have involved blatant violations of Petitioner's substantive and procedural due process rights. Additionally, any allegation of procedural default that may be alleged based on violations of State laws during Petitioner's state appeal of the dismissal of his pro se filed PCRA Petition can-be/will-be demonstrated to be flawed pursuant to the United States Supreme Court holdings in **Haines v. Kerner**, 404 U.S. 519, 520 (1972) and **Martinez v. Ryan** __ U.S. __ (      ), 132 S.Ct. 1309, 1318-19 (2012).

The relief sought pursuant to "ground 6 for habeas relief" is: 1. the award of an evidentiary hearing if this Court deems such a hearing is necessary to adjudicate the instant claim; 2. vacation of Petitioner's judgment of sentence; 3. a new sentencing hearing.

**(7) Ground 7 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since the State Judge that presided over petitioner's trial, sentencing, and all of Petitioner's state appeals holds a demonstrable bias against the Petitioner.**

**Summary of supporting facts and arguments**

The state court Judge that presided over Petitioner's pre-trial proceedings, trial proceedings, direct-appeal, and both of Petitioner's collateral appeals, has a strong bias against Petitioner as evidenced by eleven-(11) distinct acts (perpetrated by the Judge over the Judge's years of involvement on the Petitioner's case) that amount to an objective demonstration of the judge's inability to be impartial. (See "Motion for Recusal of Hon. Donna Jo McDaniel Due to Demonstrated Bias Against the Defendant/Petitioner" filed by Petitioner on March 30, 2017, in the Allegheny County Court of Common Pleas).

The eleven-(11) distinct acts in the aforementioned motion (that was filed in the state court) include the state judge's libelous and defamatory representation (in a now published Opinion) that the Petitioner had a sexually transmitted disease (STD) although such representation lacks any evidentiary basis whatsoever that would justify the state judge's representation.

The eleven-(11) distinct acts in the aformentioned motion (that was filed in state court) cumulatively confirm that the state judge that has presided over Petitioner's case holds a

manifest bias that has unlawfully influenced all adjudication of the Petitioner's case in the state courts.

Petitioner has thus been denied his constitutional right to an impartial judge (see: **Arizona v. Fulminante**, 499 U.S. 279, 309-10); also see **Chapman v. California**, 386 U.S. 18, 23 &n.8 (1967): denial of right to an impartial judge is a structural constitutional error not subject to harmless error analysis).

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h), do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 7 for habeas relief". In particular, Petitioner can establish appropriate cause for failing to raise the instant "ground 7 for habeas relief" during his earlier state appeals. Furthermore, Petitioner can show that when the state judge's bias became most apparent, Petitioner duly filed a motion to recuse the relevant state judge. Nevertheless, upon filing the Motion, the state court ignored, or chose to overlook the eleven-(11) distinct acts demonstrating the bias held by the presiding state judge, and allowed the same judge to continue to render rulings on Petitioner's case. The state court's have thus failed to consider the judge's manifest bias (as of the filing of the instant Petition) and to consider the structural constitutional error underlying Petitioner's state conviction and incarceration.

The relief sought pursuant to "ground 7 for habeas relief" is: 1. the award of an evidentiary hearing; 2. vacation of Petitioner's judgment of conviction and sentence; 3. a new trial presided over by a different state court judge.

**(8) Ground 8 for habeas relief**

**Petitioner has been denied "due process of law" and "equal protection of the laws" as guaranteed under Section I of Amendment XIV of the United States Constitution since Petitioner was convicted without the Commonwealth being required to prove each element of the crimes charged beyond a reasonable doubt, in violation of Fiore v. White, 531 U.S. 225, 228-29 (2001).**

**Summary of supporting facts and arguments**

The trial court committed a significant judicial error by allowing Petitioner to be found guilty of 18 Pa.C.S. §§§ 3121(a)(1) (four-(4) counts) and 18 Pa.C.S. §§§ 3123(a)(1) (two-(2) counts) without the prosecution (i.e., Commonwealth of Pennsylvania) being required to prove the "forcible compulsion" element of the charged counts. The trial court did so by unlawfully instructing the jury that they could convict petitioner on "forcible compulsion" "or" "threat of forcible compulsion" thus lessening the standard of proof in order to convict Petitioner on the counts on which Petitioner was tried and of which Petitioner has been convicted.

The statutes under which Petitioner was convicted, and has been sentenced, explicitly and exclusively require proof of "forcible compulsion".

The trial court's error thus plainly violates the United States Supreme Court precedent in **Fiore v. White**, 531 U.S. 225, 228-29 (2001) and amounts to a structural constitutional error.

The AEDPA requirements under 28 U.S.C. §§ 2254(a)-(h), do not prevent this Court from awarding Petitioner a writ of habeas corpus pursuant to "Ground 8 for habeas relief". In particular, the relevant facts were necessarily identified, and substantially considered by the state courts during the adjudication of Petitioner's "sufficiency of evidence" claim (as evidenced by the State Courts' findings pursuant to Petitioner's claim that the evidence was insufficient to sustain his conviction - during Petitioner's Direct Appeal). The State courts thus had the opportunity to remedy the judicial error, but the state courts chose to overlook the significant judicial error of the trial court (and the consequent structural constitutional error) underlying Petitioner's conviction and current incarceration.

The relief sought pursuant to "ground 8 for habeas relief" is: 1. the award of an evidentiary hearing if this Court deems such is necessary to adjudicate the claim; 2. vacation of Petitioner's judgment of conviction and sentence; 3. award of a new trial.

**(9) Ground 9 for habeas relief**

**In 2016, Petitioner acquired new foresic science that undermined the probative value of the Commonwealth of Pennsylvania's purported DNA evidence, and that supported the Petitioner's claims of actual innocence.**

**Summary of supporting facts and arguments**

In prosecuting Petioner for the charged crimes from September 12, 2010, the Commonwealth of Pennsylvania alleged that Petitioner's DNA from an unidentifiable source was found in a mixture of biological/DNA profiles obtained from a "control-cutting". In relevant part, a "control-cutting" is a tiny unstained piece that is cut out of a larger garment (in this case: an undergarment belonging to the Complainant), for the purpose of serving as a background or neutral basis to which to compare stained portions on the same garment. The Commonwealth's purported finding of Petitioner's biological/DNA profile in a mixture of at least three-(3) biological profiles that was reportedly extracted from the "control-cutting", was the basis for charging Petitioner with the alleged criminal conduct from September 12, 2010. The Commonwealth based its identification on the purported DNA results because the Complainant and sole-eyewitness to the purported crime, failed to identify Petitioner as the perpetrator of the crime at any time prior to Petitioner's first court-room appearance (and despite several admitted opportunities to do so).

At Petitioner's trial, Petitioner's defense counsel argued that the DNA results proffered by the

Commonwealth of Pennsylvania were the product of inadvertant or deliberate contamination of the control-cutting but the Defense's claim was vigorously and substantially contested as an impossibility.

In 2016, experts in the field of forensic science finally confirmed how secondary DNA transfer can and does incriminate innocent persons for crimes especially in cases where the incriminating DNA sample is a "mixed-profile" sample (as in Petitioner's case).

Petitioner presented (to the State PCRA Court) the new forensic science along with argument for why the jury from Petitioner's trial would have acquitted Petitioner of the charged counts had they heard the now-available/new forensic science (at Petitioner's trial). Consequently, Petitioner is seeking a new trial upon granting of an evidentiary hearing on Petitioner's newly discovered forensic evidence.

The AEDPA restrictions of 28 U.S.C. §§ 2254(a)-(h) currently prevents this Court from awarding Petitioner an evidentiary hearing and/or a Federal "writ of habeas corpus" pursuant to "ground 9 for habeas relief" since the claim is being litigated in State court as of the filing of the instant Petition.

Petitioner has presented "ground 9 for habas relief" in the instant Petition to preserve his right to raise and litigate "ground 9 for habeas relief" in this Court in the event that Petitioner's State appeal from the State PCRA Court's ruling on "ground 9 for habeas relief" is unsuccessful.

## IV. CONCLUSION

WHEREFORE, Petitioner humbly and respectfully requests that this Honorable Court preserve Petitioner's right to Petition this Court for Federal writ of habeas corpus pursuant to grounds 1 through 9 for habeas relief, and to award Petitioner the appropriate relief. Petitioner also humbly requests that this Court kindly notify him and allow him to correct any substantial errors he may have committed in filing the instant Petition.

Respectfully submitted,

_____     July 10, 2017
Akaninyene Efiong Akan (Petitioner, pro se)

**AKANINYENE EFIONG AKAN**
**#KP8782**
**SCI-FOREST,**
**P.O.BOX 945,**
**MARIENVILLE, PA**
**16239-0945**
**(814) 621-2110**

## V. FOOTNOTES

[1] "NT1"; "NT2"; "ST":

"NT1" refers to transcript of jury trial - Vol. I - March 27-30, 2012, filed in the Court of Common Pleas of Allegheny County, on July 16, 2012;

"NT2" refers to transcript of jury trial - Vol. II - April 2-4, 2012, filed in the Court of Common Pleas of Allegheny County, on July 12, 2012;

"ST" refers to transcript of sentencing hearing - June 26, 2012, filed in the Court of Common Pleas of Allegheny County, on August 15, 2012.

[2] The phrase "material-details" herein refers to three-(3) characteristics as follows: 1. the frequency of allegedly compelled acts of sexual intercourse (i.e., how many acts of sexual intercourse occured to warrant the charges; specifically, whether five-(5), six-(6), seven-(7), or eight-(8) acts occured); 2. the temporal sequence of allegedly compelled acts of sexual intercourse (i.e., in what order did the allegedly compelled acts of sexual intercourse occur/progress to warrant the charges); 3. the location of the allegedly compelled acts of sexual intercourse (i.e., on what surface did the allegedly compelled acts of sexual intercourse occur to warrant the charges; specifically, what acts occured on a bed or on the floor).

[3] The phrase "wholly irreconcilable narratives" refers to the six narratives offered to describe the one-and-the-same alleged criminal transaction from September 12, 2010, that are on the trial record as follows:

**1st narrative**: see NT2 205-211 and NT1 136-161 (especially, NT1 145-146); On September 12, 2010, the Complainant informed two witnesses that she was subjected to one-(1) act of rape, two-(2) acts of IDSI-anal, two-(2) acts of IDSI-oral (totaling five-(5) acts of sexual intercourse); the sequence and location of the acts was: oral sex on the bed, vaginal sex on the floor, anal sex on the floor, oral sex on the floor, anal sex on the floor;

**2nd narrative**: see NT1 132-133; sometime after September 12, 2010, the Complainant offered a written narrative of the alleged criminal transaction (to law enforcement) whereby the Complainant alleged that she was subjected to three-(3) acts of rape, two-(2) acts of IDSI-anal, two-(2) acts of IDSI-oral (totaling seven-(7) acts of sexual intercourse); the sequence

and location of the acts was: oral sex on the bed, vaginal sex on the bed, oral sex on the bed, vaginal sex on the floor, anal sex on the bed, vaginal sex on the floor, anal sex on the floor;

**3rd narrative**: see NT1 133-134; at the Petitioner's preliminary hearing held after the Complainant had offered the written narrative (i.e., "2nd narrative"), the Complainant offered a sworn narrative that (in summary) alleged that she was subjected to two-(2) acts of rape; one-(1) act of IDSI-anal, three-(3) acts of IDSI-oral (totaling six-(6) acts of sexual intercourse); the sequence and location of the acts was: oral sex on the bed, vaginal sex on the bed, oral sex on the bed, anal sex on the floor, vaginal sex on the floor, oral sex on floor;

**4th narrative**: see NT1 63-75; during the direct-examination of the Complainant at Petitioner's trial, the Complainant offered sworn testimony that she was subjected to four-(4) acts of rape, two-(2) acts of IDSI-anal, two-(2) acts of IDSI-oral (totaling eight-(8) acts of sexual intercourse); the sequence and location of the acts was: oral sex on the bed, vaginal sex on the bed, oral sex on the bed, vaginal sex on the floor, anal sex on the floor, vaginal sex on the floor, vaginal sex on the bed, anal sex on the floor;

**5th narrative**: see NT1 22-24; the prosecutor's opening alleged that the Complainant would testify to having endured two-(2) acts of rape, one-(1) act of IDSI-anal, and two-(2) acts of IDSI-oral (totaling five-(5) acts of sexual intercourse); the sequence and location of the acts was: oral sex on the bed, vaginal sex on the bed, oral sex on the bed, anal sex on the floor, vaginal sex on the bed.

**6th narrative**: see NT2 276 lines 12-22; the prosecutor's closing argued that the Complainant testified to having been subjected to two-(2) acts of rape, one-(1) act of IDSI-anal, and one-(1) act of IDSI-oral (totaling four-(4) acts of sexual intercourse); the sequence and location of the acts was: oral sex on the bed, vaginal sex on the bed, vaginal sex on the floor, anal sex on floor (NT2 276 lines 12-22).

[4] Mr. Scott Coffey, Esq. was appointed to represent Petitioner (by the PCRA Court) after Petitioner filed his first PCRA Petition (pro se). However, the entirety of Mr. Coffey's purported representation spanned less than one month and was illusory because: 1. Mr. Coffey filed a Turner/Finley "NO MERIT" letter that included manifest misrepresentation of the facts in Petitioner's case, as well as misrepresentation of the claims that were properly pled and thus preserved in Petitioner's pro se filed PCRA Petition; 2. Mr. Coffey's illusory

representation is the subject of Petitioner's Complaint to the Disciplinary Board of the Pennsylvania State Supreme Court. Thus, Petitioner has not listed Mr. Coffey as a prior counsel as Mr. Coffey offered no substantial representation to Petitioner.

Respectfully submitted,

_July 10, 2017_

Akaninyene Efiong Akan (Petitioner, pro se)

## VI. VERIFICATION

Pursuant to 28 U.S.C. §1746, I Akaninyene Efiong Akan, Petitioner, pro se, hereby declare under penalty of perjury under the laws of the United States of America, that the foregoing Petition is true and correct. I am competent to attest to the matters so asserted as they are based on my personal knowledge, information and belief.

Signed/Dated:

_Akaninyene Efiong Akan (Petitioner, pro se)_                    July 10, 2017

Akaninyene Efiong Akan (Petitioner, pro se)

## VII. CERTIFICATE OF SERVICE

I hereby certify that I am this day serving upon the persons and in the manner indicated

below, a true and correct copy of the foregoing Petition. The manner of service is first class

U.S. Mail to:

**Clerk of Courts, Clerk's Office,**
**United States District Court,**
**700 Grant Street, Rm. 3110,**
**Pittsburgh, PA 15219**

Signed/Dated:

_____     July 10, 2017
Akaninyene Efiong Akan (Petitioner, pro se)

**AKANINYENE EFIONG AKAN**
**#KP8782**
**SCI-FOREST,**
**P.O.BOX 945,**
**MARIENVILLE, PA**
**16239-0945**
**(814) 621-2110**