APPENDIX "A"

Affidavit by Petitioner, Akaninyene Efiong Akan, in support of grounds raised for habeas relief.

(5 pages numbered: "A" 1/5 to "A" 5/5)

## AFFIDAVIT BY AKANINYENE EFIONG AKAN

Print name: AKANINYENE AKAN

Signature: [signature]

Date: July 10, 2017

On this 10th day of July, 2017, I, Akaninyene Efiong Akan, hereby state the following facts concerning the claims raised in my "Petition for Federal Writ of Habeas Corpus Under 28 U.S.C. §2254":

1. I wanted to testify in my own defense at my criminal trial held from March 27, 2012, to April 4, 2012, in the Court of Common Pleas of Allegheny County, which was consistent with my trial Attorney's (Gary Gerson, Esq.) promise to the jury that I would testify in my own defense.

2. The substance of my trial testimony was the following:
(i) I intended to provide my sworn recollection of my activities from the night of September 11, 2010, to the morning hours of September 12, 2010, none of which involved the alleged criminal transaction (from the early morning hours on September 12, 2010), but which did include me visiting several entertainment establishments in the City of Pittsburgh with a close family relative (i.e., my brother);
(ii) I intended to provide my sworn recollection of my interaction with both the Complainant

"A" 1/5

and her housemate (witness: K. Kohler) on September 10, 2010, to refute the Commonwealth's notion that despite the Complainant having interacted with me on September 10, 2010, the Complainant would not realize that I had assaulted her two-(2) days later (i.e., on September 12, 2010) if I had assaulted the Complainant as alleged;

(iii) I intended to provide my sworn recollection of my interaction with the Complainant's housemate (witness: K.Kohler) and witnesses: N.Fardo and J. Alter on September 10, 2010, to refute the Commonwealth's notion that I had drugged witness: K. Kohler, and somehow was still able to be invited and welcomed into her home despite the presence of two of K.Kohler's friends present in the residence;

(iv) I intended to provide my sworn recollection of my activities over the early morning hours of September 17, 2010 to refute the Commonwealth's suggestion that there was a justification for witness: Gregory Boss's hearsay testimony that I was stopped as a "suspicious person";

(v) I intended to provide my sworn recollection of the detention and harrassment of my person that occured on September 17, 2010 and that I endured at the hands of no less than ten-(10) police officers from both the University of Pittsburgh and the City of Pittsburgh Police Departments at a street location in close proximity to 3612 Bates Street, Pittsburgh, PA 15213;

(vi) I intended to provide sworn testimony on my personal and professional background to refute the prosecutor's false representation (to the jury) that I had spent seven years in prison prior to the alleged criminal transaction from September 12, 2010, to prove that I had no criminal arrests or accusations of anykind prior to my arrest for the allegations from September 12, 2010;

"A" 2/5

3. The substance of my would-be first PCRA Hearing testimony (i.e., at the collateral appeal hearing that was not granted by the State) was the following facts.

(i) I intended to testify that my trial counsel, Gary Gerson, advised me to waive my right to testify based on representations that: 1. his experience led him (i.e., Mr. Gerson) to believe that he had succeeded in creating sufficient doubt to warrant an acquittal without my testimony; 2. he had a strategy to introduce the substance of Petitioner's alibi without Petitioner testifying; 3. he had an unspecified plan to rebutt the false representations that Petitioner had "drugged" witness K.Kohler, two-(2) days prior to the alleged assault on the Complainant; 4. he had an unspecified plan to rebutt the false representation that Petitioner has spent "seven" years in prison prior to the alleged crime for which Petitioner was being tried; 5. he had an unspecified plan to rebutt the suggestion that Petitioner was a "suspicious person" prior to Petitioner's encounter with law enforcement agents on September 17, 2010 (by witness Gregory Boss); 6. he would explain to the jury why Petitioner would not testify as promised so that Petitioner's failure to testify after counsel promised Petitioner would testify would not reasonably lead the jurors to conclude Petitioner was guilty or had something to hide.

(ii) I intended to testify that my waiver was not knowing, intelligent, or voluntary because my trial counsel (Mr. Gary Gerson, Esq.) subsequently: 1. wholly ignored the fact that he had failed to deliver on his promise that Petitioner would testify in his own defense (during his closing statements); 2. wholly ignored the fact that Petitioner had been portrayed as a "suspicious person" prior to Petitioner's September 17, 2010 encounter with law enforcement

"A" 3/5

(and with no factual basis for representing such to the jury); 3. failed to rebut the suggestion that Petitioner had drugged the Complainant's roommate two-(2) nights prior to the alleged crime; 4. failed to rebut the blatantly false suggestion that Petitioner had spent "seven" years in prison prior to the allegations for which Petitioner was being tried; 5. failed to suggest or hint that Petitioner had an alibi for the allegations.

(iii) I intended to testify that my court appointed PCRA Counsel (Scott Coffey, Esq.) falsely represented to the PCRA Court that he corresponded with me on the substance of my PCRA claims prior to filing his Turner/Finley "NO MERIT" letter although Mr. Coffey had no communications with me (i.e., Petitioner) on the substance of any of my PCRA claims.

(iv) I intended to testify that Hon. Donna Jo McDaniel made several manifestly and demonstrably false representations concerning my person and the case against me (i.e., Petitioner) in her written Opinion on my direct appeal since: 1. Petitioner did not make any facial gestures towards the Complainant or her family during the trial as represented in the Judge's Opinion; 2. Petitioner has never had a sexually transmitted disease (STD) as represented in the Judge's Opinion; 3. the trial record itself confirms that there are six-(6) wholly irreconcilable narratives of material details to describe the one-and-the-same alleged criminal transaction on the trial record (all attributed to the same Complainant), thus, the Judge's Opinion that the Complainant's testimony was "entirely consistent" was an abuse of the Judge's discretion.

(v) I intended to testify that if the State of Pennsylvania or its relevant Agencies were

interested in the truth of the allegations I would submit to a lie-detector test administered by (a neutral party, i.e., one not affiliated with the State of Pennsylvania) concerning: 1. my (i.e., Petitioner's) only encounter with both the Complainant and her roommate on September 10, 2010; 2. my (i.e., Petitioner's) encounter with police officers from the University of Pittsburgh Police Department and the City of Pittsburgh Police Department on September 17, 2010.

4. The aforementioned statements are by me, **Akaninyene Efiong Akan**, Petitioner, pro se, and pursuant to 28 U.S.C. §1746, I, **Akaninyene Efiong Akan**, declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true and correct. I am competent to attest to the statements made as they have been made by me, **Akaninyene Efiong Akan**.

Respectfully submitted,

_____
**Akaninyene Efiong Akan (Petitioner, pro se)**


**AKANINYENE EFIONG AKAN**
**#KP8782**
**SCI-FOREST**
**P.O.BOX 945,**
**MARIENVILLE, PA 16239-0945**
**(814) 621-2110**

"A" 5/5