IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKANINYENE EFIONG AKAN | ) | Case #: 17-938 |
| (Petitioner) | ) | |
| | ) | **FILED** |
| - v - | ) | |
| | ) | JUL 17 2017 |
| SUPERINTENDENT - SCI-FOREST, et al. | ) | CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA |
| (Respondents) | ) | |

## APPLICATION FOR STAY AND ABEYANCE ON PETITIONER'S PETITION FOR FEDERAL WRIT OF HABEAS CORPUS

Petitioner, Akaninyene Efiong Akan, pro se, hereby represents that since the one-(1) year statute of limitations for filing a Federal writ of habeas corpus runs concurrently with the one-(1) year limitations period for filing a Pennsylvania State PCRA Petition, Petitioner humbly requests that this Court in good faith consider and grant the instant application for stay and abeyance in order for Petitioner to exhaust his state remedies. In support thereof, Petitioner represents the following:

I. INSERT BY REFERENCE: Petitioner's **"Petition for Federal Writ of Habeas Corpus"** filed herewith.

## II. STAY AND ABEYANCE IS REQUESTED PURSUANT TO RHINES v. WEBER, 544 U.S. 269 (2005)

**Rhines v. Weber**, 544 U.S. 269 (2005):

(1) exhaustion requires that the claims have been at all available levels of the state judicial system before being presented in a habeas corpus petition (see: **Anderson v. Harless**, 459 U.S. 4, 7 (1982));

(2) the rule of **Rhines** is that Petitioner has a right to seek a stay and abeyance of proceedings if the Petition is a mixed Petition;

(3) a stay is appropriate in habeas corpus actions if:

"1. Petitioner has good cause for his failure to exhaust state post-conviction remedies; 2. Petitioner's unexhausted claims are potentially meritorious; and 3. Petitioner has not intentionally delayed the litigation." **Harris v. Beard**, 393 F. Supp. 2d 335, 339 (E.D.Pa. 2005), explaining **Rhines v. Weber**, 544 U.S. 269 (2005).

## III. SUMMARY OF FACTS SUPPORTING PETITIONER'S REQUEST FOR STAY AND ABEYANCE

(1) GOOD CAUSE: Petitioner submits that there is good cause for his failure to exhaust state post-conviction remedies because:

1. Petitioner's Petition for "Federal writ of habeas corpus" contains one unexhausted claim based on newly discovered evidence in the field of forensic science;

2. Petitioner's claim of newly discovered evidence was duly filed in Petitioner's second PCRA Petition that is currently in litigation in the state courts;

3. Petitioner's duly filed second PCRA Petition was the first opportunity for Petitioner to litigate his claim of actual innocence supported by the results of newly published research (in the field of forensic science);

4. the results from the new research (in the field of forensic science):

a. conclusively establish that considering all relevant evidence, the Defense's representations that the State's DNA result was the product of cross-contamination was more plausible than the State's explanation for the results;

b. substantially undermines the probative value of the State's purported DNA evidence.

5. the ongoing state litigation of Petitioner's second PCRA Petition affords the state court the opportunities to award Petitioner relief sua sponte pursuant to the pending motions that implicate that Petitioner's trial and appeal was presided over by a biased judge, and Petitioner's sentence is manifestly illegal but has yet to be remedied.


(2) POTENTIAL MERIT TO UNEXHAUSTED CLAIM: The new forensic science establishes the danger of assuming that direct contact between a person and an object is the only plausible explanation for finding a person's DNA on purported crime scene samples. Additionally, the new research confirms that DNA analysis involving mixed profile samples produces results that are not consistent and that cannot be replicated.

Petitioner submits that an objective jurist will find that when the new forensic evidence is viewed in light of the entirety of the trial

record, awarding Petitioner a new trial is appropriate since the new evidence is such that had the jurors at Petitioner's trial known about the new forensic evidence the outcome of Petitioner's trial would have been different.

(3) UNINTENTIONAL DELAY: The delay in litigating and adjudicating Petitioner's newly discovered evidence claim is the fault of the state courts. Petitioner's representation is supported by the fact that:

1. Petitioner duly filed his first PCRA Petition on October 14, 2014, at which time, only fifty-(50) days towards the one-(1) year limit had passed;
2. the newly discovered evidence became available in 2016, and while Petitioner's first PCRA Petition was still in appeal;
3. Petitioner's first PCRA Petition was dismissed by the Pennsylvania Supreme Court on September 13, 2016;
4. Petitioner filed his second PCRA Petition (thereby raising the unexhausted claim pertaining to newly discovered evidence) on October 19, 2016, which was well within the sixty-(60) day limit to bring forth newly discovered evidence;
5. Petitioner filed motions to the state trial court requesting timely resolution of his second duly filed PCRA Petition but the motions were ignored by the state court;
6. about eight-(8) months after the second PCRA Petition was filed (i.e., June 8, 2017), the state trial/PCRA court dismissed Petitioner's second PCRA without granting Petitioner a hearing prior to dismissal, and without rendering an opinion upon dismissal of the Petitioner's PCRA Petition;
7. Petitioner is thus appealing the dismissal of his second PCRA Petition in the Pennsylvania State higher courts to provide the state an opportunity to make relevant findings or explain the basis for the delay and dismissal of Petitioner's second PCRA Petition;
8. as of the filing of the instant application, Petitioner has received no information on the reason that his second PCRA Petition

was dismissed.

## IV. CONCLUSION

Petitioner has filed the instant "Application for Stay and Abeyance" along with his "Petition for Federal Writ of Habeas Corpus" since the issues still being litigated in the state court are complex and the issues raised in Petitioner's Petition for "Federal Writ of Habeas Corpus" are also complex.

Petitioner hereby humbly and respectfully requests that this Court protect his constitutional rights by granting him a stay and abeyance of proceedings to allow Petitioner to exhaust his state remedies.

Petitioner also humbly requests that this Court notify him and allow him to correct any errors he may have committed pertaining to the instant filings pursuant to the United Supreme Court holding in **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

Respectfully submitted,

*/s/ signature*
Akaninyene Efiong Akan (Petitioner, pro se)

AKANINYENE EFIONG AKAN
#KP8782
SCI- FOREST
P.O. BOX 945, MARIENVILLE, PA 16239-0945
(814)621-2110.

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I Akaninyene Efiong Akan, Petitioner, pro se, hereby declare under penalty of perjury under the laws of the United States of America, that the content of the foregoing Petition/Motion/Application is true and correct. I am competent to attest to the matters so asserted as they are based on my personal knowledge, information and belief.

Signed/Dated:

_____  July 10, 2017
Akaninyene Efiong Akan (Petitioner, pro se)

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving upon the persons and in the manner indicated below, a true and correct copy of the foregoing Petition/Application/Motion. The manner of service is first class U.S. Mail to:

        Clerk of Courts, Clerk's Office
        United States District Court,
        700 Grant Street, Rm. 3110,
        Pittsburgh, PA 15219

Signed/Dated:

*[signature]*     July 10, 2017
Akaninyene Efiong Akan (Petitioner, pro se)

AKANINYENE EFIONG AKAN
#KP8782
SCI-FOREST,
P.O.BOX 945,
MARIENVILLE, PA 16239-0945